NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LIVIA DE DOS SANTOS PINHEIRO, AKA Pinheiro, AKA Livia Pinheiro,

Defendant-Appellant.

No.    21-50308

D.C. No. 2:11-cr-00623-GW-1

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted June 8, 2023
Pasadena, California

Before:  GRABER and OWENS, Circuit Judges, and TUNHEIM,** District Judge.

Livia Santos Pinheiro, a non-U.S. citizen, appeals from the district court's

denial of her motion for compassionate relief under 18 U.S.C. § 3582(c)(1)(A)(i) to

modify her completed sentence because of resulting immigration consequences.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

Pinheiro is not in custody; she filed for compassionate relief more than a year after completing her term of supervised release and more than four years after completing her term of incarceration. The district court denied her motion on the ground that § 3582(c)(1)(A) does not authorize it to modify a sentence for a person who is no longer in custody. As the parties are familiar with the facts, we do not recount them here. We affirm.

As an initial matter, the issue is not moot. We have jurisdiction when a case presents a live "case or controversy" under Article III of the Constitution, meaning that the plaintiff "must have suffered . . . an actual injury . . . likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation omitted). Although Pinheiro has completed her sentence, a challenge to a conviction is not moot when a consequence of the conviction is the risk of deportation. *See Park v. California*, 202 F.3d 1146, 1148 (9th Cir. 2000) ("[Petitioner's] release from prison does not moot his . . . petition. Because he faces deportation, [petitioner] suffers actual consequences from his conviction." (citation omitted)).

Turning to the merits of Pinheiro's claim, we agree with the district court that § 3582(c)(1)(A) does not permit the modification of a completed sentence. We recently observed that "[t]he structure and terminology of the statute reflect[] that only defendants *in custody* are eligible for relief." *United States v. Fower*, 30

2

F.4th 823, 826 (9th Cir. 2022) (emphasis added). While *Fower* concerned an application for compassionate relief by a defendant who was not yet in custody of the Bureau of Prisons, *id.* at 825, the same reasoning applies to those who have finished serving their sentences. As *Fower* pointed out, the statutory text and history indicate that an applicant must be in custody, and Supreme Court precedent suggests that the provision should be interpreted narrowly. *See id.* at 826-27. Because Pinheiro is no longer in custody, we affirm the district court's decision to deny compassionate relief.[1]

**AFFIRMED.**

---

[1] We express no opinion on the validity of a writ of coram nobis under these circumstances. We urge the district court to appoint new counsel to explore such relief. *See United States v. Kwan*, 407 F.3d 1005, 1011-15, 1018 (9th Cir. 2005), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356, 369-70 (2010); *United States v. Chan*, 792 F.3d 1151, 1152 (9th Cir. 2015).

3